(No. 2802— ▮▮▮▮▮▮)

JOSEPH CAVATAIO, A MINOR, BY WILLIAM J. CAVATAIO, HIS FATHER AND NEXT FRIEND, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 16, 1936.*

WM. C. DUNHAM, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant herein seeks damages "in such sum as in equity and good conscience should be awarded." At the time the claim was filed on January 20, 1936, claimant was six years of age. The claim, filed through the father and next friend, recites that on September 19, 1932 the State Highway Department employees were engaged in filling joints in the concrete slab on State Route No. 157; that a combination of hot tar and other materials were being used for the purpose of such maintenance and repair work. According to the complaint, the child, Joseph Cavataio, then four years of age, was walking near the easterly side of the slab at or near the intersection of said S. B. I. Route No. 157 with 88th Street, in East St. Louis, Illinois; that highway employees had carelessly and negligently permitted a pool of the hot tar to accumulate on the edge of the concrete slab and on the dirt shoulder immediately adjacent thereto; that no barrier or warning as to

the dangerous condition of the said pool of hot tar was provided, and that Joseph Cavataio stepped into the pool of hot tar and received injuries which resulted in the amputation of one of his toes and various burns to the hands, feet and body.

The Attorney General has filed a motion to dismiss the claim on behalf of respondent, and in support thereof contends that, in the construction and maintenance of public highways, the State is engaged in a governmental function and is not liable for damages caused because of the failure to maintain same in a safe condition, and further that the State is not liable for the negligence of its servants or employees unless there is a statute making it so liable, and further that no such statute exists in the State of Illinois. The latter rule has been often announced by this and other courts.

As stated in *Crabtree* vs. *State*, 7 C. C. R. 207,

"Unless a claimant can show a legal or equitable liability of the State to pay a claim filed, the court has no power to make such award."

The forum in which the claim is entered is not a bureau of charities but a court existing by statute, and under the law creating it, it must determine all claims in accordance with legal principles. As there is no statute in Illinois ·by which the State is made liable for the negligence of its employees, it follows that claimant is not entitled to an award against the State for the unfortunate injury suffered.

The motion of the Attorney General is allowed and the claim is dismissed.